United States Court of Appeals,

Eleventh Circuit.

No. 94-9061.

UNITED STATES of America, Plaintiff-Appellee,

v.

Malcolm Benoni WITHROW, Defendant-Appellant.

June 13, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-CR-135-1), William C. O'Kelley, Judge.

Before BIRCH, Circuit Judge, and CLARK and WEIS [*], Senior Circuit Judges.

BIRCH, Circuit Judge:

Malcolm Benoni Withrow appeals the sentence he received following a plea of guilty to the offense of armed robbery of a motor vehicle. *See* 18 U.S.C. § 2119. He contends that the district court erroneously declined to depart downward on the ground that Withrow's offense conduct constituted a single, aberrational act. Whether a district court has the discretion to depart downward based on a factual determination that the defendant's criminal behavior was the product of a single, aberrant episode is an issue of first impression in this circuit.

I. BACKGROUND

On February 20, 1994, Withrow and four companions went to a Pizza Hut located across the street from a skating rink, drove around the skating rink parking lot, and selected a vehicle—a Jeep Cherokee—to rob. The four men went back to the Pizza Hut parking

[*]Honorable Joseph F. Weis, Jr., Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

lot, waited until the Jeep's owner, Milton Edwards, returned to his car, and proceeded to follow him in their car. After about one mile, Edwards exited to a gas station. Withrow and his companions parked nearby. Withrow walked to the gas station, approached Edward's Jeep, pointed a gun at him, and demanded the keys to the car. Withrow took the keys, entered the Jeep from the passenger side, pulled a nylon stocking over his head, and instructed Edwards to drive out of the gas station. While the car was moving, Edwards attempted to grab Withrow's gun. A struggle ensued, the gun discharged, and the Jeep was struck by another vehicle.

At sentencing, Withrow requested a downward departure based on what he contended was a single episode of aberrant behavior. In support of this request, Withrow's mother testified that Withrow had been, up until the time he committed this carjacking, a responsible son, grandson, and father, and that he had never committed any violent act. The court refused to depart and stated that Withrow's request was not "recognized or justified in the law." R2-28. In an attempt to clarify the basis of the court's ruling, the following exchange between Withrow's counsel and the sentencing judge subsequently occurred:

> Counsel: For clarification, is it the court['s] ruling that it is of the opinion that the Eleventh Circuit has taken away the authority under a single act of aberrational behavior.

> Court: I believe that's the rule under the Guidelines and I believe that's the rule in the Eleventh Circuit. I believe those are not factors that the court should take into—that that's a factor that the court should take into consideration in attempting to depart. Frankly, I think if the court tried to depart, it would be reversible error.

*Id.* at 29.

Ordinarily, we will not review a district court's denial of

a request for downward departure. *United States v. Hadaway,* 998 F.2d 917, 919 (11th Cir.1993). However, a district court's refusal to depart is reviewable on appeal if the court's decision was based on the belief that it lacked the authority to consider a departure. *United States v. Williams,* 948 F.2d 706, 708 (11th Cir.1991). *See also United States v. Fossett,* 881 F.2d 976, 979 (11th Cir.1989) (holding that a defendant's assertion that "the district court did not believe it had the statutory authority to depart from sentencing guideline range ... presents a cognizable claim on appeal"). The district court's determination that it lacked the authority to depart from the Sentencing Guidelines is reviewed *de novo. Id.* Here, the district court's decision to refuse Withrow's request for downward departure was based explicitly on the court's understanding that it lacked the discretion to consider such a request. In light of the court's unambiguous statement that it was not authorized to depart in this case, we conclude that the court's decision is reviewable. We therefore address whether the Sentencing Guidelines permit a downward departure based on the specific factor advanced by Withrow.

## II. DISCUSSION

A district court must impose a sentence within the guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). The Sentencing Commission has stated that "[t]he controlling decision

as to whether and to what extent departure is warranted can only be made by the courts." U.S.S.G. § 5K2.0 (1994). In reviewing this challenge to a sentence, we give due deference to the district court's application of the guidelines to the facts and accept the findings of the district court unless they are clearly erroneous. 18 U.S.C. § 3742(e).

An introductory policy statement in the guidelines entitled "Probation and Split Sentences" contains a discussion of pre-guidelines practice concerning first-time offenders convicted of non-violent but "serious" offenses. *See* U.S.S.G. Ch. 1, Pt. A, 4(d). This section provides a specific framework to which the court must refer in sentencing a first-time offender who likely would have received a probationary sentence under the pre-guidelines regime. The concluding sentence of the discussion states that "[t]he Commission, of course, has not dealt with the single acts of aberrant behavior that still may justify probation at higher offense levels through departures." *Id.*

All circuits that have addressed and resolved the question posed by this appeal have concluded that single acts of aberrant behavior were excluded from consideration in the formulation of the guidelines and thus might justify sentences below the guideline range even in cases where probation is not a viable option. *See, e.g., United States v. Duerson,* 25 F.3d 376, 380 (6th Cir.1994). In *United States v. Carey,* 895 F.2d 318 (7th Cir.1990), the Seventh Circuit concluded that the district court had clearly erred in finding that the defendant's check-kiting scheme spanning fifteen months constituted a single episode of aberrant conduct. In

reversing the sentencing court's decision to depart downward on this basis, the court provided a reasoned examination of what might give rise to a such a departure:

> While the Guidelines provide no guidance as to what constitutes a single act of aberrant behavior, we believe it must be more than merely something "out of character' or the defendant's first offense. [The defendant's] otherwise exemplary life before becoming involved in this check-kiting scheme does not render his actions, on their own, a single act of aberrant behavior to support a departure. Instead, we believe that there must be some element of abnormal or exceptional behavior. [The defendant's] actions were apparently the result of extensive planning and were spread out over a fifteen-month period. A single act of aberrant behavior, however, generally contemplates a spontaneous and seemingly thoughtless act rather than one which was the result of substantial planning because an act which occurs suddenly and is not the result of a continued reflective process is one for which the defendant may be arguably less accountable.

*Id.* at 325. The court further noted that "[u]nder the reasoning of the Guidelines, the court can consider first offender status in its determination of a single act of aberrant behavior only where it finds "unusual circumstances' and the factor is "present to a degree substantially in excess to that which is ordinarily involved.' " *Id.* at n. 4.

The definitional framework set forth by the Seventh Circuit in *Carey* has been adopted to varying degrees by the majority of circuits that have confronted this issue. *See, e.g., United States v. Duerson,* 25 F.3d 376, 380 (6th Cir.1994) ("Whether or not the Commission intended only a limited application of the [aberrant behavior'] principle, we have no reason to doubt that a district court can give a first offender a prison sentence below the guideline range, as opposed to giving him probation, where the facts justify a finding that his crime truly was a single act of aberrant behavior."); *United States v. Premachandra,* 32 F.3d 346,

349 (8th Cir.1994) ("Because the Sentencing Commission did not consider single acts of aberrant behavior when formulating the guidelines, we have recognized that a spontaneous and seemingly thoughtless act may be a basis for departure."); *United States v. Williams,* 974 F.2d 25, 26 (5th Cir.1992) ("Although the Guidelines do not define "aberrant behavior,' we are most certain that it requires more than an act which is merely a first offense or "out of character' for the defendant ... [as] those considerations are taken into account in calculating the defendant's criminal history category."), *cert. denied,* 507 U.S. 934, 113 S.Ct. 1320, 122 L.Ed.2d 706 (1993) (citation omitted). *But see United States v. Tsosie,* 14 F.3d 1438, 1441 (10th Cir.1994) (expanding *Carey* to hold that "[t]he totality of circumstances must be viewed to see whether the offense fits within [the defendant's] normal conduct or if it is a complete shock and out of character").

Although the circuits uniformly have held that a single act of aberrant behavior is a mitigating circumstance that *may* permit a district court to depart from the guideline range, there exists a wide spectrum of factual circumstances under which each court has found aberrant conduct warranting departure to exist. *Compare United States v. Takai,* 941 F.2d 738, 743 (9th Cir.1991) (defendants convicted of bribing government official to obtain green cards found to have committed single, aberrant action; court found that one defendant "actually consulted a lawyer and withdrew from the scheme so far as he would get any personal benefit," while the other "stumbled into something awkwardly, naively, and with insufficient reflection on the seriousness of the crime....") *with*

*Premachandra,* 32 F.3d at 349 (where defendant committed two armed bank robberies wearing a ski mask over course of two years, court found that "[t]he robberies ... were neither spontaneous nor thoughtless. To the contrary, the record indicates that the robberies were planned rather than impulsive").

We find persuasive the overwhelming weight of authority holding that a district court does have the discretion to depart downward after making a careful factual determination that the defendant's conduct constituted a single, aberrant act. In accord with our sister circuits, we further conclude that such an act is not established unless the defendant is a first-time offender and the crime was a spontaneous and thoughtless act rather than one which was the result of substantial planning. *See Carey,* 895 F.2d at 324-25. Although the district court in this instance made no factual findings regarding the nature of Withrow's actions, we are convinced that the offense conduct giving rise to Withrow's conviction for carjacking was neither spontaneous nor was it lacking in planned preparation.[1] As previously stated, Withrow and his companions drove around a parking lot with the express purpose of looking for a car to steal. During the time it took Withrow to locate a desirable vehicle to rob, he had an opportunity to either

---

[1]Although we acknowledge that the district court did not have an opportunity to make a factual determination in this case regarding whether Withrow's conduct was "aberrant" under any acceptation of that term, the record has been developed adequately for us to conclude that such a finding would not be appropriate here. *See United States v. Jones,* 52 F.3d 924, 927 (11th Cir.) (holding that "[n]o remand is necessary ... [where] no additional facts need be developed, and any district court decision of the issue would be reviewed *de novo*...."), *cert. denied,* --- U.S. ----, 116 S.Ct. 265, 133 L.Ed.2d 187 (1995).

reflect upon the action he was about to take and withdraw or to devise a plan to commit the car theft. Choosing the latter option, Withrow pointed a gun to the driver's head, entered the car, and pulled a stocking over his head to conceal his identity. We are mindful of the testimony offered by Withrow's mother at sentencing, in which she expressed the view that Withrow's criminal conduct was inconsistent when viewed in the context of his life as a whole. This factor alone, however, does not suffice to render a defendant's conduct "aberrant;" rather, Withrow's actions appear to have been the result of some planning and preparation, and do not comport with the definition of a single, aberrant act that we have adopted. We therefore hold that although the district court erred in determining that it did not have the authority to depart downward in this case, the record does not support a finding that Withrow's conduct constituted a single, aberrant act.

## III. CONCLUSION

Withrow contends that the district court should have departed downward at sentencing based on the fact that his offense conduct constituted a single, aberrant act. We conclude that the district court had the discretion to depart downward in this case because the mitigating factor urged by Withrow was not adequately considered by the Sentencing Commission in formulating the Sentencing Guidelines. We further resolve, however, that the record does not support a finding that Withrow's criminal conduct was impulsive, spontaneous, or unplanned, and thus does not fall squarely within the definitional purview of a single, aberrant act. Accordingly, we AFFIRM.