United States Court of Appeals,

Eleventh Circuit.

No. 95-4073.

UNITED STATES of America, Plaintiff-Appellant,

v.

Yahaira ONOFRE-SEGARRA, Defendant-Appellee.

Oct. 24, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-249-CR-WDF), Wilkie D. Ferguson, Jr., Judge.

Before TJOFLAT and COX, Circuit Judges, and HANCOCK[*], Senior District Judge.

TJOFLAT, Circuit Judge:

The United States appeals the sentence of Yahaira Onofre-Segarra on the ground that the district court abused its discretion when it granted Onofre-Segarra's motion for a downward departure under section 5K2.0 of the Sentencing Guidelines.[1] Because we find that the district court made insufficient factual findings to support its decision to depart, we vacate the sentence and remand the case to the district court for a full hearing on the propriety of a downward departure under section 5K2.0.

As this court explained in *United States v. Scroggins,* 880 F.2d 1204, 1209 (11th Cir.1989), "[g]uideline sentencing is an adversarial process. It envisions a confrontation between the parties similar to that which occurs at a civil bench trial." The district court *hears arguments and receives*

[*]Honorable James H. Hancock, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

[1]Section 5K2.0 states, in part:

> Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

United States Sentencing Commission, *Guidelines Manual,* § 5K2.0 (Nov. 1, 1994). The 1994 guidelines apply to Onofre-Segarra because they were the guidelines in force at the time of her sentencing. *See United States v. Wilson,* 993 F.2d 214, 216 (11th Cir.1993).

*evidence* on disputed legal and factual issues and then "*resolves these disputes by making findings of fact and conclusions of law.*" *Id.* at 1209 n. 11 (emphasis added).[2]

Appellee Onofre-Segarra entered into a plea agreement whereby she pled guilty to one count of importing heroin, in violation of 21 U.S.C. § 952(a) (1981 & Supp.1997). The main issue presented at her December 9, 1994 sentencing hearing was whether Onofre-Segarra should receive a downward departure under section 5K2.0 because her conduct qualified as "aberrant behavior," as that term has come to be understood by the courts. *See, e.g., United States v. Withrow,* 85 F.3d 527 (11th Cir.1996)(holding that district courts may make downward departures "after making a careful factual determination that the defendant's conduct constituted a single, aberrant act"). The United States opposed the motion by Onofre-Segarra for a downward departure under section 5K2.0. Over the Government's objection and the recommendation of the presentence investigation report,[3] however, the district court granted the departure, sentencing Onofre-Segarra to 33 months rather than to a term within the guideline range of 70-87 months.[4]

---

[2]Prior to the sentencing hearing, a presentence investigation report is prepared by the district court's probation service. The report provides a summary of the facts in the case and gives a preliminary estimate of the appropriate sentence under the guidelines. The parties have the opportunity to object to portions of the report, and the probation officer determines whether or not to amend the report in response to those objections. Any issues remaining in dispute are summarized in the report and then contested in the sentencing hearing itself. *See Scroggins,* 880 F.2d at 1209 n. 11.

[3]Refuting the argument of Onofre-Segarra's counsel that the appellee was immature and used bad judgment, the probation officer who prepared the presentence investigation report wrote, "[u]nfortunately, the decision to illegally import heroin into the United States is a sign of a lack of responsibility and bad judgment, no matter how old, or young, a person may be."

[4]We note that the issue of whether Onofre-Segarra qualified for a two point reduction for being a "minor participant" in the crime, in accordance with section 3B1.2(b) of the Sentencing Guidelines Manual (1994), was also before the district court. Although no evidence was proffered by Onofre-Segarra sufficient to determine the extent of her role in the crime, the district court granted the adjustment. *Cf. United States v. Gates,* 967 F.2d 497, 501 (11th Cir.1992)(stating that defendant bears the burden of establishing that he qualifies for a downward adjustment on the grounds that he was a minor participant). Because the government did not object to the district court's ruling, however, the issue is not before this court and the two-point reduction will stand.

Departures under section 5K2.0 are "reserved for "unusual' cases where there is something atypical about the defendant or the circumstances surrounding the commission of the crime which significantly differ from the normal or "heartland' conduct in the commission of the crime." *United States v. Gonzalez-Lopez,* 911 F.2d 542, 549 (11th Cir.1990). When a district court finds that a downward departure is merited, therefore, it must "articulate the *specific mitigating circumstances* upon which it relies and the reasons these circumstances are of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." *United States v. Baker,* 19 F.3d 605, 616 (11th Cir.1994)(emphasis added).[5]

As the party seeking the adjustment to the sentence, Onofre-Segarra had the burden of proving, by a preponderance of the evidence, that she was entitled to the departure. *See United States v. Wilson,* 884 F.2d 1355, 1356 (11th Cir.1989)("The guidelines contemplate that the government has the burden of proving the applicability of sections which would enhance the offense level and the defendant has the burden of proving the applicability of guideline sections which would reduce the offense level."); *United States v. Miller,* 78 F.3d 507, 511-12 (11th Cir.1996)(applying *Wilson* 's logic to a downward departure case). Although the district court found that Onofre-Segarra qualified for a downward departure under section 5K2.0, its decision could not have been based on the evidence presented at the sentencing hearing because Onofre-Segarra presented absolutely no evidence. Nor could the district court have based its decision upon evidence adduced at trial, because Onofre-Segarra entered into the plea agreement with the United States prior to trial. *Cf. United States v. Hansley,* 54 F.3d 709, 714 (11th Cir.1995)(sentencing judge may utilize evidence adduced at trial in determining appropriate sentence under the guidelines). In fact, the only information upon which the district court could have based its decision was the unsubstantiated arguments of Onofre-Segarra's counsel and the sparse background information contained in the presentence investigation report.

---

[5]*Baker* was decided by this court before Onofre-Segarra's sentencing hearing and served notice to the district court that downward departures require the articulation of the specific circumstances warranting the departure.

In sentencing a defendant under the guidelines, a district court may consider all relevant information, regardless of its admissibility under the rules of evidence. *See United States v. Lawrence,* 47 F.3d 1559, 1567 (11th Cir.1995)("[T]he Guidelines allow a district court to "consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.' " (quoting U.S.S.G. § 6A1.3(a)(Nov 1, 1994))). The arguments of counsel and the challenged conclusions of the presentence investigation report, however, are generally an insufficient basis upon which to depart from the guidelines. *See United States v. Wilson,* 884 F.2d 1355, 1356 (11th Cir.1989)("At the sentencing hearing defendant's counsel argued that defendant's plea negotiations demonstrated acceptance of responsibility *but offered no evidence* that would establish his qualification for a reduction under this section." (emphasis added)).[6]

The paucity of evidence available to the district court is reflected in its "findings of fact." In contrast to the "specific mitigating circumstances" mandated by *Baker,* the vague statements of the court were either unsupported by any evidence or irrelevant. The district court stated that it "consider[ed] the time span between the date [Onofre-Segarra] first sort [sic] the passport to travel and actually participating in this act. Her age, other factors in the PSI that suggest that she might have been gullible." In addition, the court seemed to take notice of the fact that Onofre-Segarra's education ended at the tenth grade.

First, the time span between Onofre-Segarra's application for, and subsequent receipt of, her United States passport, and her trip to Colombia to retrieve illegal drugs, was not demonstrated to the court. The only support for this claim was the argument of Onofre-Segarra's counsel. Second, Onofre-Segarra's age at the time of the crime, nineteen, is neither remarkable for this type of crime, nor relevant. *See* U.S.S.G. § 5H1.1 (Nov. 1, 1994)("Age (including youth) is not ordinarily relevant in determining whether a sentence should be outside the guideline range"). Onofre-Segarra's

---

[6]This is particularly true where, as here, the presentence investigation report recommended that the motion to depart from the guidelines be denied, and *no evidence* was presented by the party moving for the departure to contradict that conclusion.

4

educational background, although regrettable, is similarly unremarkable. Finally, the district court's blanket reference to "other factors in the PSI that suggest that she might have been gullible" neither satisfies the specificity required by *Baker* nor demonstrates that Onofre-Segarra merited a downward departure.[7] "Gullibility" is *not* a ground for departure.[8]

The record indicates that the district court was generally dissatisfied with the sentence mandated by the guidelines for crimes such as Onofre-Segarra's. The district court stated, "I guess the word is out that when I get these kinds of cases; especially with people with this age; no prior history, a ten year sentence does not sit well with me; what am I going to do." A court may not depart from the sentencing guidelines, however, merely because it believes that the sentence mandated is excessive. *United States v. Godfrey,* 22 F.3d 1048, 1058 (11th Cir.1994). Absent sufficient evidence for the district court to make findings of fact and conclusions of law

---

[7]The district court may have also considered Onofre-Segarra's living conditions, alleged to be less than ideal and a motivating factor for the crime, as well as the subversive influence of "Jose Albert." No proof, however, was presented to the court to substantiate the bald assertions of Onofre-Segarra's counsel. The presentence investigation report was similarly silent on these matters.

[8]Had the district court made specific findings of fact, it still would have been required to present its reasoning for why the guidelines did not sufficiently account for those circumstances. *See Baker,* 19 F.3d at 616. The district court suggested that it was departing for the reasons stated in *Andruska,* a case decided by the Seventh Circuit. *See United States v. Andruska,* 964 F.2d 640 (7th Cir.1992). The case was proffered by Onofre-Segarra's counsel as support for its proposition that "spontaneity" and "thoughtlessness" were key to a court's finding of aberrant behavior, and that Onofre-Segarra's behavior met that test. *Cf. Withrow,* 85 F.3d at 531 (holding that defendant's behavior was *not* thoughtless or spontaneous where defendant had the time to consider his actions while driving around a parking lot looking for a car to steal, despite the fact that the act was inconsistent with his life taken as a whole). Ironically, the Seventh Circuit in *Andruska* actually vacated a sentence where the district court erroneously departed downward from the guidelines. *See Andruska,* 964 F.2d at 644-46. In language equally appropriate here, the court wrote:

> We cannot countenance a procedure by which judges, dissatisfied with the stricture of the Guidelines in a given case (perhaps, at times, justifiably so), can fashion sentences they deem more appropriate through an overly expansive interpretation of "aberrant behavior." Whatever one's view of the sentencing consistency achieved by the guidelines[,] the guidelines seek to end disparity, and that goal would be undermined if the presumptive ranges could too easily be circumvented.

*Id.* at 646 (citations omitted).

demonstrating just cause for a departure, the district court is bound to impose a sentence within the guidelines, whether the guideline sentence sits well with it or not. By ignoring both the guidelines and this court's precedent, and thus failing to conduct an adequate sentencing hearing, the district court did nothing but impose additional costs on the judicial system and uncertainty on Onofre-Segarra.

For the reasons stated above, we VACATE the sentence of the district court and REMAND the case for a new sentencing hearing. At the sentencing hearing, if Onofre-Segarra presents evidence in support of a downward departure under section 5K2.0 and the district court finds that a departure is warranted, the court shall then make explicit findings of fact with regard to the circumstances meriting the departure, state whether departure under such circumstances is consistent with the guideline's goals, and, finally, justify the extent of the departure.

SO ORDERED.