UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 00-4682

RANDY REYNOLDS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-98-8)

Submitted: January 26, 2001

Decided: February 6, 2001

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

---

### COUNSEL

Timothy M. Sirk, Keyser, West Virginia, for Appellant. Melvin W.
Kahle, Jr., United States Attorney, Sherry L. Muncy, Assistant United
States Attorney, Elkins, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Randy Reynolds was convicted by a jury of one count of possession of a weapon by a convicted felon in violation of 18 U.S.C.A. § 922(g) (West 2000). On appeal, Reynolds contends that the district court erred by not departing downward from the sentencing guidelines' range for aberrant behavior and an over representation of his criminal history. We hold that the court did not err by not departing downward for aberrant behavior. We further hold that the court's decision not to depart on the basis that Reynolds' criminal history over represented his prior criminal conduct is not reviewable by this court. Accordingly, we affirm in part and dismiss in part.

Reynolds had an extensive criminal history. At sentencing, the district court denied Reynolds' motion to depart downward for aberrant behavior on the basis that such a departure is not warranted if the conviction is not the defendant's first offense. In *United States v. Glick*, 946 F.2d 335 (4th Cir. 1991), this court stated that:

> [f]ollowing congressional direction, the Sentencing Commission designed the guidelines to produce an appropriate sentence for a first offender. See 28 U.S.C.A. § 994(j) (West Supp. 1991). Aberrant behavior, therefore, means something more than merely a first offense. A single act of aberrant behavior suggests "a spontaneous and seemingly thoughtless act rather than one which was the result of substantial planning because an act which occurs suddenly and is not the result of a continued reflective process is one for which the defendant may be arguably less accountable."

*Id.* at 338 (quoting *United States v. Carey*, 895 F.2d 318, 325 (7th Cir. 1990)). Reynolds was not eligible for a reduction in the offense level for aberrant behavior because the conviction was not Reynolds' first

offense. *See United States v. Withrow*, 85 F.3d 527, 531 (11th Cir. 1996) (departure is appropriate if defendant is "a first-time offender and the crime was a spontaneous and thoughtless act rather than one which was the result of substantial planning"); *United States v. Grandmaison*, 77 F.3d 555, 563 (1st Cir. 1996) (departure for aberrant behavior is available to first-time offenders). Accordingly, we affirm the court's decision not to depart for aberrant behavior.

Reynolds also moved for a downward departure on the basis that his criminal history category over represented the seriousness of his prior criminal conduct. The district court thoroughly reviewed its authority and discretion to depart outside the range established by the sentencing guidelines. The court found that Reynolds' prior criminal convictions were already taken into consideration by the sentencing guidelines. The court concluded upon a thorough review of the record that there were no factors present that took Reynolds' case out of the heartland of cases.

A sentencing court's denial of a request for a downward departure is reviewable only when the sentencing court bases its decision on "the mistaken view that it lacked the authority to depart." *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). In the instant case, the district court recognized its authority to depart downward, but declined. Accordingly, this claim is not reviewable and is dismissed.

For the reasons discussed, we affirm the court's decision not to depart downward for aberrant behavior and we dismiss as unreviewable Reynolds' claim that the court erred by not departing downward on the basis that his criminal history category over represented his prior criminal conduct. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*