United States Court of Appeals,

Eleventh Circuit.

No. 94-4783.

UNITED STATES of America, Plaintiff-Appellant, Cross-Appellee,

v.

Victor BERNAL, Defendant-Appellee, Cross-Appellant,

Eduardo Berges, Defendant-Appellee.

Aug. 6, 1996.

Appeals from the United States District Court for the Southern District of Florida. (No. 93-84-CR-FAM), Federico A. Moreno, Judge.

Before TJOFLAT, Chief Judge, and RONEY and PHILLIPS[*], Senior Circuit Judges.

PER CURIAM:

Victor Bernal and Eduardo Berges were convicted of various crimes in connection with an attempt to export two endangered primates—an orangutan and a gorilla—from the United States to Mexico in violation of the Lacey Act Amendments of 1981 and the Endangered Species Act of 1973.[1] The applicable sentencing range

---

[*]Honorable J. Dickson Phillips, Jr., Senior U.S. Circuit Judge for the Fourth Circuit, sitting by designation.

[1]Bernal and Berges were convicted of (1) conspiring to violate the Lacey Act Amendments of 1981, 16 U.S.C. §§ 3371-3378, and the Endangered Species Act of 1973, 16 U.S.C. §§ 1531-1544 (in violation of 18 U.S.C. § 371); (2) engaging in an intended sale, purchase, and transport of wildlife sold in violation of the Endangered Species Act of 1973, 16 U.S.C. § 1538(a)(1)(F) (in violation of 16 U.S.C. § 3372(a)(1) and (a)(4)); (3) attempting to export wildlife that they knew had been sold in violation of the Endangered Species Act of 1973, 16 U.S.C. § 1538(a)(1)(F) (in violation of 16 U.S.C. § 3372(a)(1) and (a)(4)); (4) knowingly engaging in the trade of wildlife specimens contrary to the provisions of the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES") without first obtaining a valid export permit and re-export certificate as required by CITES and 50 C.F.R. § 23.12(b)(1) (in violation of 16 U.S.C. § 1538(c)(1) and (g)); and (5) attempting to export endangered

under the Sentencing Guidelines was twenty-four to thirty months for Bernal and fifteen to twenty-one months for Berges. [2] The probation officer noted in the presentence report that a downward departure from the guidelines range might be warranted in Bernal's case under U.S.S.G. § 5K2.11 because Bernal had intended to export the gorilla for purposes of breeding and exhibition, and thus his conduct did not "cause or threaten the harm or evil sought to be prevented by the law" under which he was convicted. The probation officer did not consider a similar downward departure for Berges. Following a lengthy sentencing hearing, the district court decided to apply U.S.S.G. § 5K2.11 to both defendants, and gave them sentences of only seventy days (which they had already served). [3]

---

species of wildlife from the United States (in violation of 16 U.S.C. §§ 1538(a)(1)(A) and (g)).

[2]All counts were grouped together for purposes of offense level computation. *See* U.S.S.G. § 3D1.2(d).

Bernal's base offense level was 6 under the guideline applicable to offenses involving fish, wildlife, and plants. U.S.S.G. § 2Q2.1(a). (The base offense level for a conspiracy count is the same as that for the substantive offense. *See* U.S.S.G. § 2X1.1.) His base level was increased by 2 levels because the offense "was committed for pecuniary gain or otherwise involved a commercial purpose," § 2Q2.1(b)(1)(A); increased by 6 levels because the purchase price of the wildlife exceeded $70,000, § 2Q2.1(b)(3)(A); § 2F1.1(b)(1)(G); and increased by 3 levels to reflect Bernal's role as an organizer of the operation, § 3B1.1(a), (b). His total offense level was 17 (imprisonment for 24 to 30 months).

The probation officer applied the same calculation in the case of Berges, with the exception of the 3-level increase for a leadership role. His total offense level was 14 (imprisonment for 15 to 21 months).

[3]Bernal was also sentenced to three years of supervised release on three counts and one year of supervised release on two other counts, and was fined $40,000. Berges was likewise sentenced to supervised release, but was not fined.

The United States now appeals the sentences imposed on both defendants.[4]

We review a district court's decision to depart downward from the sentencing guidelines for an abuse of discretion. *See Koon v. United States,* --- U.S. ----, 116 S.Ct. 2035, --- L.Ed.2d ---- (1996). A district court may impose a sentence outside of the sentencing range established by the guidelines if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."[5] 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. One such circumstance identified in the guidelines as a possible ground for departure is when the defendant's conduct does not "cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue." U.S.S.G. § 5K2.11.

The purpose of the Lacey Act is to protect "those species of fish and wildlife whose continued existence is presently threatened" by "gradually drying up the international market for

---

[4]Appellees have cross-appealed on two grounds. First, they claim that the Lacey Act is not applicable in this case because the term "wildlife," as used in the Act, does not apply to animals bred in captivity. Second, they claim that the district court erred in denying their motion for acquittal with respect to the Lacey Act counts because there was no evidence introduced at trial to prove that they knew the animals had previously been sold in violation of the law. These claims are wholly meritless, and we therefore reject the cross-appeal.

[5]To determine whether a circumstance was adequately taken into consideration, the court may "consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C. § 3553(b).

endangered species," thus "reducing the poaching of any such species in the country where it is found." *See* S.Rep. No. 91-526, 91st Cong., 1st Sess., *reprinted in* 1969 U.S.C.C.A.N. 1413, 1415-16. Likewise, one of the purposes of the Endangered Species Act is to enforce international agreements designed "to conserve to the extent practicable the various species of fish or wildlife and plants facing extinction." 16 U.S.C. § 1531(a)(4); *see also Tennessee Valley Auth. v. Hill,* 437 U.S. 153, 184, 98 S.Ct. 2279, 2297, 57 L.Ed.2d 117 (1978).

The district court found that there was no evidence that Bernal intended to harm the primates involved in this case. Rather, the evidence showed that Bernal, the director of a Mexican state Commission of Parks and Resources and of Foreign Fauna, was a conservationist, that he loved animals, and that he intended to use the gorilla for breeding purposes to help perpetuate the species. The district court also found that Berges knew that Bernal intended to use the gorilla for breeding and exhibition purposes. The court concluded that the conduct of both Bernal and Berges did not "cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue." U.S.S.G. § 5K2.11. Because the court concluded that the Sentencing Commission did not consider the special factors involved in this case under the applicable sentencing guideline, it decided that a downward departure was justified.[6] The district court did not

---

[6]Since the special factor in this case is an "encouraged factor," *see* U.S.S.G. § 5K2.11, the district court was authorized to depart if the applicable guideline did not take it into account. *See Koon,* --- U.S. at ----, 116 S.Ct. at 2045.

abuse its discretion in making this decision.

AFFIRMED.