United States Court of Appeals,

Eleventh Circuit.

No. 95-4035

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Reinaldo SANTOS, Defendant-Appellant.

Sept. 5, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-8108-CR-NCR), Norman C. Roettger, Jr., Chief Judge.

Before DUBINA and BLACK, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Reinaldo Santos appeals his sentence for possession of ammunition and possession of a firearm by a convicted felon. The District Court enhanced his sentence under the Armed Career Criminal Act and in addition departed upward from the applicable sentencing guidelines range in order to more accurately reflect Santos' criminal history. The District Court also ordered restitution. Santos argues that his criminal history was already taken into account by the Armed Career Criminal Act enhancement, and that the court ordered restitution for a crime Santos was not convicted of. We affirm the length of the sentence but reverse the order of restitution.

## I. BACKGROUND

Mr. Santos was convicted of violating 18 U.S.C. § 922(g), which prohibits a convicted felon from possessing a firearm and from possessing ammunition. Santos' offense level under the

sentencing guidelines was increased from 28 to 34 because he was an armed career criminal under 18 U.S.C. § 924(e). That section requires an increase in the offense level for defendants convicted under 18 U.S.C. § 922(g) who have three prior convictions for violent felonies or serious drug offenses. In addition, Santos had a criminal history score of 21, which resulted in a Criminal History Category VI. With a guideline base offense level of 34 and a Criminal History Category VI, the guidelines called for imprisonment for 262 to 327 months. However, the court made an upward departure under U.S.S.G. § 4A1.3, increasing the offense level to 36 with a guideline range of 324 to 405 months.

The court sentenced Santos to 360 months imprisonment. In addition, the court ordered Santos to pay restitution for a robbery that the prosecution contends Santos committed just before he was arrested with the firearm. Santos appealed.

## II. STANDARD OF REVIEW

This Court reviews the legal justification for a District Court's departure from the sentencing guidelines *de novo*. *United States v. Maurice,* 69 F.3d 1553, 1556 (11th Cir.1995). We review the factual justification for such a departure for clear error. *Id.* We must also review such a departure for reasonableness. *Id.* We review an order of restitution *de novo*. *United States v. Cobbs,* 967 F.2d 1555, 1556 (11th Cir.1992).

## III. ANALYSIS

### A. The Sentencing Guidelines

Section 4A1.3 of the Sentencing Guidelines allows a departure from the sentencing range where

> reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes.

U.S.S.G. § 4A1.3. However, the Supreme Court has held that

> it is an incorrect application of the Guidelines for a district court to depart from an applicable sentencing range based on a factor that the Commission has already fully considered in establishing the guideline range.

*Williams v. United States,* 503 U.S. 193, 200, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992).

Santos argues that the increase in the offense level under the Armed Career Criminal Act precludes an upward departure under U.S.S.G. § 4A1.3 because the factors that can enhance the sentence under § 4A1.3 were already considered by the Sentencing Commission under the Armed Career Criminal Act.

It is true that the Armed Career Criminal Act increases the offense level from 28 to 36. An offense level of 36 with a Criminal History Category VI (as opposed to a defendant with no criminal history who had illegal possession of a firearm) results in an enormous increase in the term of imprisonment based solely on the defendant's past criminal behavior. *See U.S. v. Ford,* 996 F.2d 83, 87 (5th Cir.1993).

However, Santos' 21 criminal history points far exceeded the 13 points needed for a Criminal History Category VI. In addition, Santos' criminal history score did not reflect several other prior convictions or conduct, including a burglary and conduct in connection with an aggravated battery. Nor were those other crimes needed to sentence Santos as an armed career criminal under 18 U.S.C. § 924(e). Thus the enhancement under U.S.S.G. § 4A1.3 was

not "based on a factor that the Commission ha[d] already fully considered in establishing the guideline range," *Williams,* 503 U.S. at 200, 112 S.Ct. at 1119, and "reliable information indicate[d] that the criminal history category [did] not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. Based on the specific circumstances of this case, the enhancement was within the District Court's discretion.

## *B. Restitution*

Santos was not convicted of the crime of robbery, yet the District Court ordered him to pay $2000 in restitution, equal to the amount taken in the robbery. A court can order restitution for offenses which the defendant has been convicted of, for harm due to the defendant's criminal conduct in the course of a conspiracy or pattern of criminal activity, and to the extent agreed on in a plea agreement. 18 U.S.C. § 3663. The United States concedes that none of the grounds for restitution apply in the instant case, and that Santos' conviction for possession of a firearm and ammunition by a felon does not support the order of restitution.

## IV. CONCLUSION

We conclude that the District Court was within its discretion when it departed from the sentencing guidelines, but that the court had no authority to order restitution. The term of imprisonment is AFFIRMED, while the order of restitution is REVERSED.