United States Court of Appeals,

Eleventh Circuit.

No. 95-4993.

UNITED STATES of America, Plaintiff-Appellant,

v.

Wilma Earlene BUSH Defendant-Appellee.

Oct. 23, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-14008-CR-KLR), Kenneth L. Ryskamp, Judge.

Before TJOFLAT and EDMONDSON, Circuit Judges, and O'NEILL[*], Senior District Judge.

PER CURIAM:

The United States Sentencing Commission guidelines provide for a two-level enhancement of a sentence for embezzlement "if the offense involved more than minimal planning." United States Sentencing Commission, *Guidelines Manual,* § 2B1.1(b)(4)(A) (1995). The guidelines also allow a court to depart from guideline sentencing and sentence an offender to probation, even though incarceration would otherwise be required, when the offense is deemed to have been a "single act[ ] of aberrant behavior" on the defendant's part. This appeal presents two issues: 1) whether the district court erred in finding that the defendant's embezzlement of over $100,000 from her employer did not involve "more than minimal planning"; and 2) whether the district court erred in granting a departure from the guideline sentencing range on the ground that the embezzlement was a "single act[ ] of aberrant behavior." We answer both questions in the affirmative and accordingly vacate the defendant's sentence and remand for resentencing.

I.

In 1994, Wilma Earlene Bush, then assistant vice president and branch manager of the Sebring, Florida, branch of the Mid Florida Schools Federal Credit Union, embezzled over $100,000 from her employer. In order to finance a new home, Bush took out a fictitious $75,000 loan in the

*Honorable Thomas N. O'Neill, Jr., Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

name of an actual customer, pledged that customer's savings account as collateral for the fictitious loan, and pocketed the proceeds. Two months later, Bush repeated the process and embezzled another $19,000. Two months after that, she embezzled another $15,000 in the same fashion.

After several months, Bush's actions were discovered by her superior. She soon confessed and was charged with one count of embezzlement from a federal credit union, in violation of 18 U.S.C. § 657. Bush pled guilty to the charge pursuant to a plea agreement with the United States. The district court then sentenced her to four years' probation, including six months' house arrest, and ordered her to pay restitution to the credit union. The United States appealed the sentence.

## II.

We review questions of law arising under the sentencing guidelines *de novo. See U.S. v. Frazier,* 89 F.3d 1501, 1505 (11th Cir.1996). We review the district court's decision to depart downward for abuse of discretion. *See U.S. v. Bernal,* 90 F.3d 465, 467 (11th Cir.1996).

Bush's pre-sentence report recommended sentencing based on a total offense level of thirteen. This level included an eight-level enhancement for embezzlement of more than $70,000, *see* U.S.S.G. § 2B1.1, a two-level increase for abuse of trust, *see* U.S.S.G. § 3B1.3, a two-level increase for "more than minimal planning," *see* U.S.S.G. § 2B1.1, and a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. At sentencing, Bush's counsel urged the court to find a way to avoid sentencing her to a term of imprisonment. The court complied, choosing to "delete" the two-level enhancement for "more than minimal planning" that was recommended by the defendant's presentence report and to depart further from the applicable guideline sentencing range on the ground that the embezzlement was an act of "aberrant behavior" on Bush's part. Both of these decisions were erroneous.

## A.

Under the guidelines,

"[m]ore than minimal planning" exists if significant affirmative steps were taken to conceal the offense....

> "More than minimal planning" is [also] deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. Consequently, this adjustment will apply especially frequently in property offenses.
>
> ....
>
> In an embezzlement, a single taking accomplished by a false book entry would constitute only minimal planning. On the other hand, creating purchase orders to, and invoices from, a dummy corporation for merchandise that was never delivered would constitute more than minimal planning, as would several instances of taking money, each accompanied by false entries.

U.S.S.G. § 1B1.1, comment. (n.1(f)). In the instant case, Bush embezzled money from the credit union on three separate occasions, each involving false entries.[1] She also took affirmative steps to conceal the embezzlement; she stopped mail from being sent to the customer whose savings she had used as collateral for the fictitious loan and, when her superiors questioned her about the loan, she told them that the customer in question had a bad memory and had apparently forgotten that she, the customer, had taken out the loan. Bush's offense thus clearly involved "more than minimal planning."

The district court refused to impose the attendant two-level sentence enhancement, however. The court found it "peculiar that the authors of the guidelines [would] come up with an offense for embezzlement and add[ ] to that offense ... an increase based upon more than minimal planning." "Embezzlement," the court opined, "requires a certain amount of planning. I think it seems to be a redundancy here in the calculations." Not only had the Sentencing Commission apparently made a mistake, the court found, but moreover,

> [t]he victim seems to feel that its interest would be best served by having [Bush] continue to work and repaying the loan ... and I don't think that society derives any advantage, nor do I feel that the defendant deserves any more punishment at this point.

---

[1] Bush argues that the three separate instances of embezzlement should be deemed to be a single act for purposes of the "more than minimal planning" guideline, because the separate instances of embezzlement constitute one "offense." A series of acts that together constitute a single *offense* under a particular criminal statute does not thereby cease to be a series of *acts* under the "more than minimal planning" guideline, however; such repeated acts indicate greater culpability and are in fact the target of the "more than minimal planning" enhancement. Bush admits that the embezzlement involved "a lot of separate acts." The district court therefore could not correctly have concluded that Bush's several acts of embezzlement constituted one "act."

3

The court erred as a matter of law in refusing to impose the sentence enhancement for "more than minimal planning" on these grounds. The Commission's commentary, quoted *supra,* clearly contemplates that the sentence enhancement for "more than minimal planning" will be applied "especially frequently" to property offenses in general and to many embezzlement cases in particular. The commentary specifically states that, in embezzlement cases, "several instances of taking money, each accompanied by false entries ... would constitute more than minimal planning." U.S.S.G. § 1B1.1, comment. (n.1(f)). This is a clear statement that the "more than minimal planning" enhancement is intended to apply to embezzlement cases such as the one at bar. Indeed, we are hard-pressed to imagine a scenario in which "obtaining even one fraudulent loan would *not* require more than minimal planning." *United States v. Fox,* 889 F.2d 357, 361 (1st Cir.1989) (emphasis added). Moreover, the other factors relied upon by the district court—that the victim did not want Bush incarcerated, that "society would not derive any advantage" from Bush's incarceration, and that Bush did not deserve any more punishment—are clearly irrelevant to the inquiry whether or not the defendant engaged in "more than minimal planning" in committing the offense. We therefore conclude that the district court erred as a matter of law in refusing to apply a two-level sentence enhancement for "more than minimal planning" under § 2B1.1(b)(4)(A) of the guidelines.

B.

After refusing to apply the enhancement for "more than minimal planning," the district court further reduced Bush's offense level by departing downward by two levels on the ground that the embezzlement was an act of "aberrant behavior" on Bush's part, per chapter one, part A, 4(d) of the guidelines. That part provides that a court may sentence a defendant, for the defendant's first offense, to probation if the defendant's offense level is ten or less. The court normally must sentence such a defendant to some term of imprisonment if the defendant's offense level is eleven or greater. That part notes, however, that, "[t]he Commission ... has not dealt with the single acts of aberrant behavior that still may justify probation at [offense levels of eleven or greater] through departures."

4

U.S.S.G. ch. 1 pt. A, 4(d). We have held that this concluding sentence authorizes courts to depart from the applicable guideline sentencing range (and to sentence a defendant to probation rather than incarceration if, after the departure, the defendant's offense level is ten or less) if the court makes "a careful factual determination that the defendant's conduct constituted a single, aberrant act." *United States v. Withrow,* 85 F.3d 527, 530-31 (1996). In *Withrow* we also held that "such an act is not established unless the defendant is a first-time offender and the crime was a spontaneous and thoughtless act rather than one which was the result of substantial planning."[2] *Id.*

Rather than applying the *Withrow* test, the district court departed downward because of its belief that "society ... has [no] interest in seeing [Bush] incarcerated." Whether "society has an interest" in incarcerating a particular defendant is a matter addressed by the Guidelines generally, and is irrelevant to the question whether a particular defendant's conduct was in fact "aberrant" within the meaning of chapter one, part A. The district court thus erred in departing from the applicable guideline sentencing range on the ground that Bush's embezzlement constituted "aberrant behavior." "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States,* --- U.S. ----, ----, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996). We therefore hold that the district court's decision to depart downward on the ground that "society ... has [no] interest in seeing [Bush] incarcerated" was an abuse of discretion.

The record is sufficiently well developed for us to determine that Bush's conduct was not in fact "aberrant" under the *Withrow* standard. Bush is a first offender and therefore satisfies the first part of *Withrow*'s "aberrant behavior" test. Her conduct, however, was clearly not a single, "spontaneous and thoughtless act[,] rather than one which was the result of substantial planning." Bush embezzled money from the credit union on several different occasions and with substantial

---

[2]A defendant's criminal conduct is not to be considered "aberrant" merely because it is a first offense. Nor may a defendant's conduct be deemed "aberrant" because it does not comport with the defendant's prior good works, military or public service, employment record, or family and community ties and responsibilities. None of these factors are ordinarily relevant in determining whether to depart from the applicable guideline sentencing range, *see* U.S.S.G. §§ 5H1.5, 5H1.6, 5H1.11, and the "aberrant behavior" departure should not be utilized as a "back door" through which such factors may enter into the sentencing determination.

planning.[3]  We therefore conclude that the district court must resentence Bush on remand without granting an "aberrant behavior" departure from the applicable guideline sentencing range.

III

For the foregoing reasons, we hold that the district court erred in refusing to apply a sentence enhancement for "more than minimal planning" under § 2B1.1(b)(4)(A) of the guidelines, and that the court erred in departing from the applicable guideline sentencing range on the ground that the defendant's offense constituted "aberrant behavior" on her part.  We therefore VACATE the defendant's sentence and REMAND for resentencing in accordance with this holding.

---

[3]We note that, because an "aberrant behavior" departure is not available when the defendant has engaged in "substantial planning," it will not normally be available in cases where the "more than minimal planning" enhancement is imposed.  Due to our holding in part II.A, *supra,* the case at bar is such a case.