[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-14131
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00042-CR-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH BLANKENSHIP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 10, 2005)

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Joseph Blankenship was indicted for food stamp fraud under 7 U.S.C. § 2024(c). He was tried by a jury and found guilty on all counts listed in the indictment. The district court sentenced Blankenship to twelve months and one day in the penitentiary on each count to run concurrently. Blankenship has completed his sentence.

The issue presented in this appeal is whether the district court erred in enhancing Blankenship's sentence by two-levels under U.S.S.G. § 3B1.3 which mandates an upward adjustment if a defendant abuses a position of public trust. Factual findings made by the district court are reviewed for clear error. *United States v. Ward*, 222 F.3d 909, 911 (11th Cir. 2002). We review questions of law arising under the Sentencing Guidelines *de novo*. *United States v. Bush*, 126 F.3d 1298, 1299 (11th Cir. 1997).

After reviewing the record, we conclude that the district court correctly found that Blakenship held a position of trust in that he was entrusted by the federal government to administer the food stamp program, and to follow the rules of the program. Blankenship was in a position of significant managerial discretion, in that he was the only employee of Fishnet Seafood and was authorized to obtain the EBT food stamp machine. *See generally, United States v.*

*Britt,* 388 F.3d 1369 (11th Cir. 2004)*; United States v. Cooper*, 94 F.3d 653 (9th Cir. 1996) (table). Accordingly, we affirm Blankenship's sentences.

**AFFIRMED.**