[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 8, 2008
THOMAS K. KAHN
CLERK

No. 08-10710
Non-Argument Calendar

_____

D. C. Docket Nos.
07-00105-CR-3-MCR & 07-00132-CR-3-M

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOLLY M. BARNES,
a.k.a. Hotmama983,
a.k.a. Freewoman74,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 8, 2008)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Holly M. Barnes appeals the 120-month sentence she received for filing false tax returns with the Internal Revenue Service and identity theft (Case No. 3:07CR105-001), and theft of government property greater than $1,000 (Case No. 3:07CR132-001). She contests both the district court's sentencing procedures and the substantive reasonableness of the sentence, given that the Guidelines range was 27-33 months' imprisonment.

The PSI reveals that Barnes, using the social security numbers of girls in her Girl Scout troop that she obtained through fraudulent medical release forms, created and filed fraudulent federal income tax returns under the names of the children. She also made 32 separate fraudulent merchandise returns at a Navy Exchange. Barnes ultimately pled guilty to 19 counts of making false, fictitious, or fraudulent claims against the government, 15 counts of identity theft, and one count of theft of government property greater than $1,000.

## I. Notice of upward variance

Barnes first argues that her sentence was procedurally unreasonable because she was not provided any notice that the district court would consider an upward departure or variance despite the requirements of both Federal Rule of Procedure 32(h) and the Due Process Clause of the Fifth Amendment. "We review questions of law arising under the sentencing guidelines *de novo*." *United States v. Bush*,

126 F.3d 1298, 1299 (11th Cir. 1997) (per curiam). In *Irizarry v. United States*, 128 S. Ct. 2198 (2008), the Supreme Court held that when a district court sentences above the advisory Guidelines range based on § 3553(a), it is not required to provide defendants with advance notice under Rule 32(h). *Id.* at 2202-03. After *Booker* eliminated the mandatory nature of the Guidelines, defendants no longer have any "expectancy" protected by the due process protections of Rule 32(h) in receiving a sentence within the presumptively applicable Guidelines range. *Id.* at 2202.

Thus, because the upward variance in Barnes's sentence was not subject to the due process protections of Rule 32(h), the lack of notice from the district court before it imposed the upward variance was not error. Accordingly, we affirm as to this issue.

## II. Reasonableness of the Sentence

Barnes argues that her sentence is both procedurally and substantively unreasonable. First, she asserts that the district court unreasonably ignored the Sentencing Commission's policy judgments concerning the weight to be given to the factors identified in the Guidelines. She notes that the court relied on several factors when it deviated from the recommended Guidelines, which could have been taken into account through the sentencing Guidelines themselves. She contends

that if the court thought these factors applied, it should have either rejected the Guidelines score sheet or corrected the score sheet in open court, and that by failing to do so the court used an inappropriate procedure and issued an unguided deviation that subverted the Sentencing Guidelines scheme.

Barnes also argues that her 120-month sentence was substantively unreasonable because it is a 12- to 13-level deviation above the Guidelines' recommended range. The sentence was so far above the recommended range, she contends, that it was inherently suspect and greater than necessary to punish her and protect society.

In *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court clarified that the reasonableness standard of review announced in *Booker* requires that appellate courts review the ultimate sentence imposed under a "deferential abuse-of-discretion standard," and take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. *Id.* at 591. A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the Guidelines, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. *See id.* at 597. A sentence may be substantively unreasonable if it does not achieve the purposes of

sentencing stated in § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). We will remand if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* (internal quotation marks omitted). We have previously upheld large upward variances where the district court appropriately considered the advisory sentencing range and the § 3553(a) factors, particularly where, as here, the sentence was below the statutory maximum. *See, e.g.*, *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007) (affirming as reasonable a 240-month sentence for multiple offenses arising out of a theft of approximately $266,000 from a U.S. Post Office, where the Guidelines range was 51-63 months, the range was calculated correctly, and the court expressly considered that range and the § 3553(a) factors), *cert. denied*, 128 S. Ct. 867 (2008).

Here, the district court stated that it had considered the Guidelines range and all of the § 3553(a) factors. It then proceeded to discuss its consideration of the factors at length. When the court indicated that it intended to impose an above-Guidelines range sentence, it determined that the PSI was accurate and incorporated the PSI's findings into Barnes's sentence. The total 120-month

sentence was comprised of the following sentences, running concurrently: (1) 60 months for each of Counts 1-19, to run concurrently; (2) 120 months for each of Counts 20-34, to run concurrently; and (3) 120 months for the remaining count. Finally, the district court found the sentence to be sufficient, but not greater than necessary, to comply with the purposes of sentencing. The statutory maximums were: 5 years each for Counts 1-19; 15 years each for Counts 20-34; and 10 years for the remaining count.

Furthermore, the severity of Barnes's crimes, her compulsive criminal conduct up until the plea hearing, and her failure to abide by the terms of her release on bond are all sufficient to support the district court's conclusion that the sentence it imposed was necessary to protect the public from future crimes by Barnes, deter others from similar crimes, and communicate the seriousness of Barnes's crimes.

Thus, because the district court properly considered the § 3553(a) factors and imposed a sentence no greater than necessary to comply with the purposes of sentencing, the court did not abuse its discretion in sentencing Barnes.

Accordingly, we affirm.

**AFFIRMED.**