[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 16, 2009
THOMAS K. KAHN
CLERK

No. 09-11776
Non-Argument Calendar

_____

D. C. Docket No. 08-00035-CR-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 16, 2009)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Dennis Richardson appeals his 60-month sentence for knowingly possessing

counterfeit Federal Reserve notes, in violation of 18 U.S.C. § 472.  He contends

that his sentence was unreasonably excessive based on a four-level upward

departure in his offense level.  He further argues that his sentence was greater than

necessary to achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a).

Upon careful review of the record, we AFFIRM.

## I.  BACKGROUND

In December 2008, Richardson pled guilty to count two of an eight-count

indictment.  Count two charged Richardson with possession of counterfeit federal

reserve notes, in violation of 18 U.S.C. § 472.  Pursuant to the written plea

agreement, Richardson stipulated to the following facts.  In January 2008, Cartrice

Glivens was arrested when she attempted to use counterfeit Federal Reserve Notes

at a sporting goods store in Albany, Georgia.  Glivens identified Richardson as the

supplier of the counterfeit bills.  During a subsequent search of Richardson's

residence, authorities discovered numerous counterfeit Federal Reserve Notes in

various denominations.  The serial numbers on these bills matched those used by

Glivens.  Richardson had also previously cashed three counterfeit checks at

Homerun Foods in Albany, using a fake identification card.  Upon his fourth

attempt, the clerk recognized Richardson and notified the police.

The presentence investigation report ("PSI") listed twelve convictions for

Richardson beginning in 1989 when he was twenty years old. Based on eight of those convictions, including six for theft by receiving stolen property, Richardson had a criminal history score of 23. Three points were added to this score pursuant to U.S.S.G. §§ 4A1.1(d) and (e) because Richardson committed the instant offense while under a sentence of probation and less than two years after release from confinement. The total criminal history score of 26 placed Richardson in Criminal History Category VI. In conjunction with Richardson's total offense level of 13, his advisory guidelines range was 33 to 41 months of imprisonment.

The probation officer found reliable information, however, to support an upward departure under U.S.S.G. § 4A1.3. Such a departure was warranted based on (1) Richardson's 23 criminal history points, nearly double the minimum amount of 13 points needed for category VI; (2) the existence of four other convictions not included in the criminal history score; (3) Richardson's long history of continuous fraudulent criminal activity; and (4) his plethora of probation failures. These factors indicated that the criminal history category of VI did not adequately reflect the seriousness of Richardson's past criminal record or the likelihood that he would commit other crimes.

At his sentencing hearing in March 2009, the government agreed with the PSI that a basis for an upward departure existed but made no recommendation one

3

way or the other.  The government suggested that a three-level upward departure would be appropriate if the court decided to apply one.  Richardson objected to an upward departure on grounds that the nature of his prior offenses were non-violent, relatively minor, and mainly involved items of relatively small value.  He also emphasized that a three-level increase would be too harsh given that less than $5000 of counterfeit money was recovered from Richardson's residence.  Richardson suggested that he instead be given more restrictions on supervised release.  The court responded to Richardson's objection as follows:

> THE COURT:  All right.  Well, the Court has considered the recent submission on that objection from counsel as well as the arguments made today.  The Court need not go back into the particulars of the Criminal History.  As counsel said, it is what it is.  The Court notes that there are 23 history points – Criminal History points because of those things that are specifically set out in the Presentence Report.
>
> The Court finds that probation office exactly – is exactly right, that those – that Criminal History does not adequately reflect the seriousness of the defendant's Criminal History and would support or justify an upward departure, if the Court determined that's what it should do.  I think that's exactly what it is intended to do to distinguish those cases where there's a substantial history that really goes beyond the mere baseline.
>
> If you take into account the fact that the defendant was on probation and had been incarcerated less than two years prior to this offense occurring, he has 26 points, which is twice as much as the baseline to be a Category 6 career offender.  So in that effect, he stands head[] and shoulders above someone who just meets that criteria.

4

So I think the applicability of that provision is met, if the Court were to determine that's what it desired to do. So to the degree the objection is that it would not be justified or would not authorize the Court to do so, the objection is overruled.

R6 at 89-90. Richardson, through counsel, then addressed the court, remarking that being in prison on his fortieth birthday had made him reflect on his life, and that many of his crimes were due to his drug use and association with the wrong crowd. Richardson also noted that it was his first federal offense, and he had accepted responsibility for the crime.

Before imposing sentence, the court noted that Richardson had been given many chances at probation but had squandered them by continuing to commit crimes. Even though Richardson had not physically injured others, the court admonished that his history of theft and fraud could still damage business and individuals and do "great harm to society." Id. at 97-98. The court also expressed concern that Richardson had never recognized that his actions carried consequences and that he would continue to commit more crimes.

The court then found that criminal history category VI significantly under-represented the seriousness of Richardson's criminal history. "After carefully considering each incremental increase in the offense level," the court departed upward by four levels to a total offense level of 17, resulting in a new applicable range of 51 to 63 months. Id. at 103-04. The court sentenced Richardson to 60

months of imprisonment to run consecutively to his state sentences, three years of supervised release, and restitution in the amount of $1,111.90. The court gave the following reasons for its sentence:

> Now, the Court believes that a sentence of 60 months is an appropriate sentence in this case, and that's not just due to the amount – the relatively small amount, rather, of the fraud in dollars in this case as I said to you earlier. But it's because it reflects a continuing extensive fraudulent conduct and because you have had many previous opportunities in the past by being given probationary sentences and/or short periods of incarceration, but yet have continued in this conduct, and that being fraudulent conduct. So in view of that history and conduct, the Court finds that a 60 months sentence, in the Court's view, is appropriate and justified.

> Now, the Court determines, as I said, the sentence as imposed is an appropriate sentence, that it complies with the factors that are to be considered as set forth at 18 United States Code Section 3553(a), and adequately addresses the totality of the circumstances.

Id. at 106-07. Richardson objected to the sentence on grounds that it was greater than necessary to comply with the factors listed under § 3553(a).

On appeal, Richardson argues that his sentence was unreasonable because the district court abused its discretion in applying an upward departure under U.S.S.G. § 4A1.3. Richardson also asserts that his sentence is excessively harsh because the district court did not properly account for all the factors in 18 U.S.C. § 3553(a).

## II. DISCUSSION

6

We review sentencing decisions, including a decision to depart from the Sentencing Guidelines, for abuse of discretion. See United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009); United States v. Smith, 289 F.3d 696, 708 n.15 (11th Cir. 2002). A sentence must be both procedurally and substantively reasonable. See Shaw, 560 F.3d at 1237. Procedural reasonableness means that a district court correctly calculated the advisory guidelines range, considered the § 3553(a) factors, relied on facts that are not clearly erroneous, and adequately explained the chosen sentence. See id. A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks and citation omitted). Those purposes include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from further crimes, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The party challenging the sentence carries the burden of establishing unreasonableness. See United States v. McBride, 511 F.3d 1293, 1297 (11th Cir. 2007) (per curiam).

We first address Richardson's argument that his sentence is unreasonable based on the district court's upward departure under U.S.S.G. § 4A1.3. Richardson

7

contends that the court erroneously focused on the number, rather than the nature, of his prior offenses. He also asserts that his criminal history category of VI adequately accounted for his history of fraud and there was no need to increase his offense level to reflect that. Alternatively, Richardson suggests that he did not have a history of fraud because his six convictions for theft by receiving stolen property, which made up 17 points of his criminal history score, did not necessarily involve fraudulent intent.

Under U.S.S.G. § 4A1.3, a district court may depart from the sentencing range "if reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]" U.S.S.G. § 4A1.3(a)(1) (Nov. 2008). When a defendant is already in the highest criminal history category of VI, the court may make an upward departure by moving incrementally to the next higher offense level within category VI that it finds appropriate. Id. § 4A1.3(a)(4)(B). A court need not explicitly discuss its reasons for bypassing each offense level. See United States v . Dixon, 71 F.3d 380, 383 (11th Cir. 1995). "Rather, the magnitude of these upward departures will be reviewed for reasonableness, based on findings by the district court as to (1) why the extent and nature of the defendant's criminal history warrants an upward

departure from category VI, and (2) why the sentencing range within which the defendant is sentenced is appropriate to the case." Id. The commentary to § 4A1.3 suggests that "the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." U.S.S.G. § 4A1.3 comment. (n. 2(B)).

The record in this case supports the court's finding that Richardson's criminal history category significantly under-represented the seriousness of his criminal history or the likelihood that he would commit other crimes. As noted by the court, Richardson's 23 criminal history points for eight prior convictions was nearly double the minimum 13 points needed to qualify for category VI, the highest possible criminal history category. Moreover, these 23 points did not include four other prior convictions. Although the sheer number of convictions is not the sole factor for assessing the seriousness of a defendant's criminal history, § 4A1.3 specifically instructs the court to consider whether "the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI[.]" Id. § 4A1.3(a)(4)(B) (emphasis added). The district court thus properly considered the extent of Richardson's repeated criminal violations during the past twenty years, the majority of which were committed while on probation, in determining the

9

seriousness of his criminal history and whether he was likely to commit future crimes.  See United States v. Santos, 93 F.3d 761, 763 (11th Cir. 1996) (per curiam) (affirming two-level upward departure for a Criminal History Category VI defendant who had 21 criminal points and several other prior convictions or conduct not included in the criminal history score).

Beyond the number of convictions, the court was equally troubled by the nature of Richardson's prior offenses, which the court characterized as a history of theft and fraud.  Richardson argues that category VI already accounted for this history, but he ignores the fact that three other convictions not included in his criminal history score also involved theft or fraudulent behavior.  Specifically, Richardson had a 1989 conviction for writing a series of bad checks, a 1995 conviction for theft by receiving stolen property, and a 1995 conviction for violating Georgia employment security law by fraudulently attempting to obtain unemployment benefits.  The court properly considered these prior sentences in assessing the seriousness of Richardson's criminal history.  See U.S.S.G. § 4A1.3(a)(2)(A) (providing that an upward departure may be based on "[p]rior sentence(s) not used in computing the criminal history category").

We also find incredulous Richardson's suggestion that his numerous convictions for theft by receiving stolen property are not fraud-related because it is

possible that he innocently came into possession of the stolen property. Not only is there no evidence to support this suggestion, but it strains credulity to assume that this happened on six different occasions (or seven, counting his 1995 conviction). Furthermore, under Georgia law, "a person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property *which he knows or should know was stolen* unless the property is received, disposed of, or retained with intent to restore it to the owner." O.C.G.A. § 16-8-7(a) (emphasis added). As Richardson does not suggest that he had any intent to restore the property to the owner, his convictions indicate that he knew or should have known the property was stolen.

This brings us to Richardson's second argument that the amount of the departure resulted in an excessively harsh sentence. Richardson contends that the district court did not adequately consider certain § 3553(a) factors such as his character, the protection of society, the avoidance of sentencing disparities, and the need for just punishment. According to Richardson, the district court's failure to craft a sentence that properly addressed the circumstances of this case resulted in a sentence that was greater than necessary to accomplish the goals of § 3553(a).

The reasonableness of a departure must be assessed in light of the § 3553(a) factors and the reasons given by the district court for the departure. See United

11

States v. Blas, 360 F.3d 1268, 1274 (11th Cir. 2004) (per curiam). A district court need not discuss each § 3553(a) factor individually. United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009). Rather, the court need only acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. Id.

Here, the district court expressly stated that its sentence complied with the factors set forth in § 3553(a), and it extensively addressed several of those factors in detail. For instance, the court listened to Richardson's statements of contrition and admission of guilt but doubted that he truly accepted responsibility or that he would stop his criminal behavior given his recurring probation violations and commission of new offenses. The court further admonished Richardson for not using his college education in art to pursue legitimate work. Thus, contrary to Richardson's contention, the court did consider Richardson's personal characteristics. See 18 U.S.C. § 3553(a)(1). Additionally, the court addressed the need to protect society from further crimes, as required by § 3553(a)(2)(C), noting that "merchants shouldn't have to worry [ ] that they are putting in their cash register fraudulent and counterfeit money, and citizens receiving change shouldn't have to worry [ ] that the money they get back in change is worthless, just so you can make money off of it[.]" R6 at 101. The need to impose a just punishment under § 3553(a)(2)(A) is similarly reflected in the court's statement that

Richardson had continued his fraudulent conduct despite being given many previous opportunities for reform through probationary sentences and/or short periods of incarceration. Although the court did not specifically address the need to avoid sentencing disparities among similarly situated defendants, as stated in § 3553(a)(6), the court did find that Richardson's criminal history placed him head and shoulders above a defendant who qualifies for a category VI classification. Moreover, Richardson gives no examples of defendants with similar records who have been found guilty of similar conduct but were given lesser sentences. See 18 U.S.C. § 3553(a)(6). We therefore conclude that the district court properly and adequately considered all the § 3553(a) factors.

Based on the totality of the circumstances, we further find the amount of the departure and the 60-month sentence to be reasonable. We have found in other cases that sentences equal to or within the statutory maximum are reasonable where an upward departure is warranted. See Blas, 360 F.3d at 1274 (concluding that a seven-level departure to the statutory maximum of 180 months of imprisonment was reasonable); accord United States v. Taylor, 88 F.3d 938, 941, 947-48 (11th Cir. 1996) (concluding that an eight-level upward departure to 97 months of imprisonment was reasonable where the statutory maximum is 120 months of imprisonment). The statutory maximum Richardson faced for

13

possession of counterfeit Federal Reserve notes was 20 years of imprisonment. See 18 U.S.C. § 472 (2009). His five-year sentence was thus only one-quarter of the statutory maximum. Considering all the circumstances, including Richardson's persistent criminal behavior for most of his adult life, we conclude that the district court did not abuse its discretion in departing upward to 60 months of imprisonment.

## III. CONCLUSION

The record demonstrates that the district court correctly imposed an upward departure pursuant to U.S.S.G. § 4A1.3, adequately considered the factors listed in 18 U.S.C. § 3553(a), and fashioned a sentence necessary to achieve those sentencing goals. Accordingly, we find no abuse of discretion in Richardson's sentence and AFFIRM.

**AFFIRMED.**