[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13473
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00225-WTM-GRS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus


JACQUELINE DENISE BROWN,
a.k.a. Brown-Mikell, Jacqueline,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 8, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Jacqueline Brown appeals her 87-month sentence on the ground that the upward departure she received is unreasonable. After a review of the record, we affirm.

Pursuant to a written plea agreement, Brown pleaded guilty to mail fraud, in violation of 18 U.S.C. § 1341, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. As part of her plea, she admitted that she passed fraudulent checks and possessed identification of another individual to commit the fraud. The offenses involved at least 36 victims, for a total loss of $43,276.19.

The aggravated identity theft count included a mandatory 24-month term of imprisonment to run consecutively to the sentence for mail fraud. 18 U.S.C. § 1028A. The probation officer calculated the total adjusted offense level for the mail fraud count as 14. In determining Brown's criminal history category, the probation officer listed 19 convictions, some of which did not receive criminal history points, for a total score of 27 and placement in category VI. The convictions dated back to 1989 and included numerous theft, shoplifting, and forgery convictions, possession of cocaine, assault, and giving false information to police. She had her supervised release revoked after violating the terms of her release in 2002, and she had committed the instant offenses while on probation for a prior forgery charge. With a total adjusted offense level of 14 and a criminal

history category VI, the resulting guideline range was 37 to 46 months' imprisonment. The PSI noted that a possible upward departure would be warranted because Brown's criminal history category under-represented her past conduct.

Brown made no objections to the PSI or the guideline calculations and requested a sentence within the guideline range. At sentencing, the court found that an upward departure under U.S.S.G. § 4A1.3 was warranted because Brown's criminal history score under-represented her past conduct. The court sentenced Brown to 63 months' imprisonment for the mail fraud, and a consecutive 24 months for the aggravated identity theft. The court explained that Brown's criminal history was "one of the worst records that I've seen for committing fraud and committing fraud on individuals." Finding that only an upward departure was likely to deter future criminal conduct, the court stated that such a "harsh penalty" was necessary. Brown objected to the departure and now appeals.

We review the district court's interpretation of the guidelines *de novo* and the extent of the upward departure for abuse of discretion. *United States v. Crisp*, 454 F.3d 1285, 1288 (11th Cir. 2006). The district court's findings of fact supporting the sentence are reviewed for clear error. *United States v. Docampo*, 573 F.3d 1091, 1096 (11th Cir. 2009).

3

A district court may impose an upward departure based on the inadequacy of a defendant's criminal history category "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." U.S.S.G. § 4A1.3(a)(1).

When a district court departs upward from criminal history category VI, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level . . . until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3(a)(4)(B). But when departing above category VI, district courts need not "explicitly discuss their reasons for bypassing incremental offense level sentencing ranges." *United States v. Dixon*, 71 F.3d 380, 383 (11th Cir. 1995). Rather, we review the extent of the departure for reasonableness, based on findings by the district court as to (1) why the extent and nature of the defendant's criminal history warrants an upward departure, and (2) why the sentencing range selected is appropriate. *Id.*

This court has held that a sentencing court may properly impose an upward departure where the defendant's criminal history score exceeds the number necessary for a category VI designation. *See United States v. Mellerson*, 145 F.3d 1255, 1257 (11th Cir. 1998) (finding no abuse of discretion in the district court's

4

upward departure where the defendant's criminal history points tripled that necessary for a category VI designation); *see also United States v. Santos*, 93 F.3d 761, 763 (11th Cir. 1996) (upholding a 2-level upward departure in the offense level where the defendant's 21 criminal history points "far exceeded the 13 points needed for a Criminal History Category VI" designation).

Here, the district court did not abuse its discretion in imposing an upward departure.[1] By sentencing Brown to 63 months' imprisonment for the mail fraud, instead of a term within the 36 to 47 month range, the court imposed a 3-level upward departure. Brown's criminal history score was 27, more than double the 13 points resulting in a category VI designation; thus a 3-level departure was not unreasonable. *See Santos*, 93 F.3d at 763.

Although Brown argues that the district court must have improperly relied on arrest records lacking factual detail or convictions related to the present offense when considering Brown's criminal history for the purpose of imposing the upward departure, there is nothing in the record to indicate that this was the case. The prior convictions that the court was allowed to consider date back to 1989 and

---

[1] To the extent that Brown argues the departure was improper because she had no notice as required under Fed. R. Crim. P. 32(h), we disagree. The PSI, to which Brown did not object, specifically stated that an upward departure may be warranted based on Brown's criminal history. Brown had all the notice to which she was entitled.

include multiple prior theft and forgery charges similar to the conduct for which Brown was being sentenced. These portions of the PSI alone were sufficient to support the district court's conclusion that an upward departure was warranted.

Finally, we reject Brown's argument that the district court should have identified defendants with a similar criminal history and likelihood of recidivism in order to determine the extent of its upward departure, in accordance with § 4A1.3(a)(4)(A), because the guidelines do not impose this requirement. *See* U.S.S.G. § 4A1.3(a)(4). Instead, all § 4A1.3(a)(4) requires is that the district court move incrementally down the sentencing table to the next higher offense level until it identifies the appropriate guideline range. *Id.* § 4A1.3(a)(4)(B).

Having reviewed the record, we find no merit to Brown's argument that the district court did not move incrementally while selecting the appropriate offense level. The district court was not required to explain each incremental increase, but the court explicitly stated that it was considering Brown's criminal history and the goal of deterrence when determining the extent of the upward departure. *See Dixon*, 71 F.3d at 383. Given the facts of this case, we cannot conclude that the upward departure was an abuse of discretion.

**AFFIRMED.**